IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD L. RUDD, JR.,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

ORDER

15-cv-618-wmc
09-cr-91-wmc

---

Petitioner Ronald L. Rudd, by counsel, seeks resentencing under 28 U.S.C. § 2255 in light of the United States Supreme Court's recent holding in *United States v. Johnson*, 135 S. Ct. 2551 (2015), which held that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), violates the due process clause of the Fifth Amendment.

Under § 924(e), a defendant is subject to a significantly greater sentence if the court finds that, among other things, the defendant has three prior felonies for either a violent felony or serious drug offense. A "violent felony" is defined as a crime that carries a penalty of more than one year and:

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or

    (ii)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B) (emphasis added). In *Johnson*, the Supreme Court found the italicized

1

language in subsection (ii), known as the residual clause, was too vague to satisfy the due process clause of the Constitution. The Court of Appeals for the Seventh Circuit has since held that *Johnson* applies retroactively. *Price v. United States*, 795 F.3d 731, 734 (7th Cir. 2015) ("There is no escaping the logical conclusion that the Court itself made *Johnson* categorically retroactive to cases on collateral review.").

Petitioner's motion is timely under § 2255(f)(3), which provides a one-year statute of limitation from the date the Supreme Court recognizes a new rule of constitutional law. On February 8, 2010, petitioner was sentenced, upon a guilty plea, on one count of being a felon in possession of ammunition. *See* 18 U.S.C. § 922(g). Pursuant to the terms of the ACCA, the court found that petitioner's three prior felonies -- battery to law enforcement, burglary and fleeing an officer -- warranted imposition of the mandatory-minimum sentence of 180 months in prison. On appeal, the Seventh Circuit affirmed the judgment, rejecting petitioner's argument that the fleeing conviction did not fit within the ACCA's residual clause. *See United States v. Rudd*, Case No. 10-1382, Order (7th Cir. July 21, 2010) (citing *United States v. Dismuke*, 593 F.3d 582, 595-96 (7th Cir. 2010)).

Petitioner indicates that this motion is "unopposed," and that Assistant United States Attorney Alice Green informed petitioner's counsel that the government does not oppose the motion. Accordingly, petitioner's motion will be granted.

ORDER

IT IS ORDERED that the Unopposed Petition to Vacate Sentence Under 28 U.S.C. § 2255 (dkt. #1) is GRANTED.   This matter shall be set for resentencing.

Entered this 13th day of October, 2015.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge